IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SHEARN JOSHUA,<br><br>        Defendant. | Case No. 3:21-cr-00037-JMK<br><br>**ORDER GRANTING<br>MOTION TO SUPPRESS** |

      Before the Court at Docket 53 is Defendant's Motion to Suppress, alleging that both his detention and the seizure and search of his vehicle were impressible. The Government responded in opposition at Docket 55, arguing that: (1) Defendant's detention was permissible as incident to the execution of a search warrant; (2) that law enforcement had probable cause to arrest Defendant for possession of marijuana; and (3) that the positive K-9 drug alert during the stop provided probable cause to search Defendant's vehicle. The motion was referred to the Honorable Magistrate Judge Smith, and, on June 28, 2021, Magistrate Judge Smith conducted an evidentiary hearing. At Docket 74, Judge Smith issued her Final Report and Recommendation, in which she recommended that Defendant's motion be granted. The Government objected to that Report and Recommendation at Docket 79.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

The magistrate judge recommended that the Court grant the Motion to Dismiss. The Court has reviewed the Final Report and Recommendation, and agrees with its analysis. The Government objected "to the magistrate judge's factual findings regarding officer knowledge of the defendant's involvement in this case and the subsequent finding of lack of probable cause, as well as the finding that the United States failed to meet its burden in establish[ing] a lack of causal connection between the K-9's first interior alert on the vehicle and second exterior alert."[4] Ultimately, the Court is not persuaded by the Government's objections and concurs with Magistrate Judge Smith's analysis.[5]

Accordingly, the Court adopts the Final Report and Recommendation, and IT IS HEREBY ORDERED that the Motion to Suppress is GRANTED. The Government

---

[1] 28 U.S.C. § 636(b)(1).
[2] *Id.*
[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[4] Docket 79 at 1–2.
[5] Docket 74.

is prohibited from admitting the following items for use at trial, in its case-in-chief or as substantive evidence of guilt: (1) any items seized from Defendant's person at the time of his unlawful arrest on February 18, 2021; and (2) any items found inside the Porsche associated with Defendant.

IT IS SO ORDERED this 30th day of September, 2021, at Anchorage, Alaska.

          */s/ Joshua M. Kindred*
          JOSHUA M. KINDRED
          United States District Judge