IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SHEARN JOSHUA,<br><br>    Defendant. | Case No. 3:21-cr-00037-02-JMK<br><br>**ORDER DENYING MOTION FOR RETURN OF PROPERTY; GRANTING LEAVE TO AMEND** |

## I. FACTUAL BACKGROUND

On February 18, 2021, DEA agents, along with Alaska State Troopers, conducted a warrantless seizure of Mr. Joshua and his Porsche Cayenne.[1] Law enforcement executed a warrantless search of the vehicle, which reveled approximately 4.5 pounds of suspected methamphetamine, a handgun, and a safe containing approximately $12,000.00 in U.S. Currency.[2] Four days later, the United States filed a Criminal Complaint alleging Mr. Joshua possessed methamphetamine with the intent to distribute.[3] On March 18, 2021, the United States indicted Mr. Joshua on three counts: Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C §§ 841(a)(1),

---

[1] Docket 179-1 at 9, 12.
[2] Docket 179-1 at 12.
[3] Docket 1.

(b)(1)(A); Possession of Firearm in Furtherance of Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[4] The Indictment included criminal forfeiture allegations focused on firearms, ammunition, and currency, and makes no mention of the Porsche Cayenne.[5]

On April 15, 2021, the DEA sent notice to Mr. Joshua—at three different addresses—that his vehicle could be subject to an administrative forfeiture.[6] On April 27, 2021, the DEA alleges to have received a certified mail receipt from the mailing sent to Anchorage Correctional Complex.[7] From May 3, 2021, to June 1, 2021, the DEA posted notice of the seizure on forfeiture.gov.[8] The claim deadlines expired on May 20, 2021, for mailed notice, and July 2, 2021, for the forfeiture.gov posted notice.[9]

Concurrent to the DEA's notice actions, Mr. Joshua sought to suppress all evidence gathered from his person and vehicle.[10] After an evidentiary hearing, Magistrate Judge Smith recommended the Court grant Mr. Joshua's suppression motion based on the finding he had been unlawfully arrested and subject to an illegal search and seizure.[11] The Court adopted Magistrate Judge Smith's Report and Recommendation and granted Mr. Joshua's Motion to Suppress on September 20, 2021.[12] After a brief interlocutory

---

[4] Docket 34 at 1–4.
[5] *Id.* at 5–7.
[6] Docket 179-1 at 3.
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.*
[10] Docket 53.
[11] Docket 74 at 11–12.
[12] Docket 84.

*United States v. Joshua*  Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property  Page 2
Case 3:21-cr-00037-JMK-MMS   Document 220   Filed 07/17/23   Page 2 of 14

appeal, the United States moved to dismiss the indictment against Mr. Joshua.[13] The Court granted the Motion to Dismiss the Indictment and a Criminal Judgment of Discharge issued November 18, 2021.[14]

In January 2022, Mr. Joshua's defense counsel began corresponding with the Assistant United States Attorneys (AUSA) on the case.[15] On February 7, 2021, defense counsel followed up and AUSA Doyle provided a property receipt from the DEA for review.[16] On the morning of February 8, 2021, AUSA Doyle emailed defense counsel:

> I just spoke with agents and they clarified that they still have the vehicle and phone. I am trying to find out if the DEA will release the phone but they did let me know that the DEA has initiated an administrative forfeiture process on the vehicle. Mr. Joshua should have an opportunity to file a claim but our office does not participate in that process until someone files a claim. I will keep you posted on the status of the phone.[17]

A few hours later, AUSA Doyle emailed defense counsel again with a short message: "Sorry for the whiplash. After speaking with DEA further it appears they are willing to return the vehicle without a claim filed. I will keep you posted as I learn more."[18]

---

[13] Dockets 103, 104, 105, 108, 109.
[14] Dockets 110, 112.
[15] Dockets 184-1, 184-2.
[16] Docket 184-3.
[17] Docket 184-4.
[18] *Id.*

*United States v. Joshua*  Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property  Page 3
Case 3:21-cr-00037-JMK-MMS   Document 220   Filed 07/17/23   Page 3 of 14

On March 7, 2022, the DEA declared the Porsche Cayenne forfeited.[19] Three days later, the DEA issued an instruction to "Sell/Liquidate" the vehicle with a disposal value of $5,825.00.[20]

Two weeks after the DEA declared the vehicle forfeited, defense counsel again emailed AUSA Doyle.[21] This time, defense counsel updated AUSA Doyle that additional clothes and a computer had been returned to Mr. Joshua, but not his vehicle or other possessions inside the vehicle.[22] On March 24, 2022, AUSA Doyle responded that "[i]t appears there is some interagency red-tape happening between DEA and the Marshals"; and that she would keep defense counsel apprised of any developments.[23] Defense counsel replied with thanks and the direct question: "Do you know if they are going to release the vehicle?"[24] On April 19, 2022, the DEA sold the Porsche Cayenne for $5,550.00.[25]

It is unclear to the Court whether additional correspondence was exchanged between the parties during the spring and summer of 2022. In November 2022, defense counsel requested the Court re-appoint him as counsel to initiate new proceedings "to

---

[19] Docket 179-1 at 4, 6; Docket 179-2 at 9.
[20] Docket 179-1 at 6. The Court takes judicial notice that a disposal value is the minimum value at which an asset should be sold without incurring a loss by the seller. Fed. R. Evid. 201(b)(2). Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019).
[21] Docket 184-5.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] Docket 179-1.

*United States v. Joshua*  Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property  Page 4
Case 3:21-cr-00037-JMK-MMS  Document 220  Filed 07/17/23  Page 4 of 14

compel government agents to return the Porsche and personal property" or "reveal what happened to this vehicle."[26]

## II. BRIEFING FROM THE PARTIES

Before the Court is Mr. Joshua's Motion for Return of Property ("Motion") at Docket 164. Mr. Joshua alleges that despite attempts from defense counsel and the Assistant United States Attorney, agents will not return the vehicle.[27] Mr. Joshua requests the Court order the United States to either (1) return Mr. Joshua's vehicle, a 2004 Porsche Cayenne Sport Utility Vehicle, or (2) account for its whereabouts.[28]

Initially, the United States failed to respond. Only after an order from the Court and a requested extension of time, did the Government respond in opposition.[29] The United States argues this Court lacks jurisdiction, because the vehicle was subject to a nonjudicial forfeiture proceeding by the Drug Enforcement Administration (DEA).[30] In support of its jurisdictional argument, the United States provides the Declaration of Vicki L. Rashid, Forfeiture Counsel of the Asset Forfeiture Section for the DEA, along with exhibits produced by the DEA, including DEA's internal accounting of the vehicle, notices of the seizure sent to Mr. Joshua, and a Declaration of Forfeiture.[31]

At Docket 186, the Court accepted a reply from Mr. Joshua and a sur-reply from the United States. Mr. Joshua replied that he undertook active, good-faith efforts to

---

[26] Docket 161 at 2.
[27] Docket 164 at 2.
[28] *Id.* at 1; Docket 179-1 at 6.
[29] Dockets 173 (text order), 174, 175, 176 (text order), 179.
[30] Docket 179.
[31] Docket 179-1.

*United States v. Joshua*     Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property     Page 5
Case 3:21-cr-00037-JMK-MMS    Document 220    Filed 07/17/23    Page 5 of 14

claim his property and relied on representations by the Government to his detriment.[32] Further, Mr. Joshua argues that the DEA's action violates the U.S. Constitution.[33] In support, Mr. Joshua provides five instances of correspondence between defense counsel and Assistant United States Attorneys. This correspondence discusses the vehicle, relays information from DEA agents, and makes representations that the vehicle would be returned without a claim, but then was delayed because of "red-tape."[34] Mr. Joshua amends his relief requesting the Court order the DEA to either (1) return the vehicle, or (2) pay for the value.[35]

The United States' sur-reply asserts that Mr. Joshua's reply raises new, meritless arguments by presenting the Court with the Government's "promise" to return the vehicle.[36] The United States contends that Mr. Joshua does not dispute the core facts of the nonjudicial forfeiture, which deprives this Court of jurisdiction.[37] The United States also asserts that courts may equitably toll a claim deadline, but Mr. Joshua fails to meet that burden.[38]

The Court is presented with a unique and complex task. Mr. Joshua seeks the return of a vehicle illegally seized by the DEA, subject to forfeiture and held by the Government while he asserted his constitutional rights under the Fourth Amendment. Then, after the dismissal of this criminal action, the vehicle was promised to Mr. Joshua

---

[32] Docket 184 at 1–4.
[33] *Id.* at 5.
[34] Docket 184-1, 184-2, 184-3, 184-4, 184-5.
[35] Docket 184 at 6.
[36] Docket 185-1.
[37] *Id.* at 1–2.
[38] *Id.* at 3.

*United States v. Joshua* — Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property — Page 6
Case 3:21-cr-00037-JMK-MMS   Document 220   Filed 07/17/23   Page 6 of 14

through defense counsel and the United States Attorney, then, seemingly unilaterally disposed of by the DEA.

### III. LEGAL STANDARD

Federal Rule of Criminal Procedure 41(g) permits a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Where a criminal proceeding has concluded, the movant's right to their property is presumed.[39] The Government bears the burden of proving "a legitimate reason to retain the property."[40] However, this burden is easily defeated, if the Government can demonstrate the property at issue was subject to forfeiture.[41]

Rule 41(g) motions "are treated as civil equitable proceedings" and that a district court must take into account all equitable considerations."[42] The Ninth Circuit recognized that the "historic purpose of equity [is] to secure complete justice."[43] Procedurally, district courts must treat Rule 41(g) motions as civil complaints.[44]

---

[39] *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014).
[40] *Id.; see also United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005).
[41] *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996).
[42] *United States v. Martinson*, 809 F.2d 1364, 1366–77 (9th Cir. 1987).
[43] *Id.* at 1367 (quoting *EEOC v. General Telephone Co.,* 599 F.2d 322, 334 (9th Cir. 1979), aff'd 446 U.S. 318, 100 S. Ct. 1698 (1980)).
[44] *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (relying on *United States v. Marolf,* 173 F.3d 1213, 1216 (9th Cir. 1999) and *Martinson,* 809 F.2d at 1367); *accord United States v. Kaczynski,* 306 F. Supp. 2d 952, 954 (E.D. Cal. March 5, 2004).

*United States v. Joshua*                                                    Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property                       Page 7
Case 3:21-cr-00037-JMK-MMS    Document 220    Filed 07/17/23    Page 7 of 14

## IV. JURISDICTION

The United States Supreme Court has established that "[t]he federal courts are under an independent obligation to examine their own jurisdiction[.]"[45] In a federal court proceeding, a jurisdictional defect may be raised at any time.[46]

### A.  18 U.S.C. § 983, *et seq*.

As a preliminary matter at Docket 179, the United States argues that the statutory, non-judicial civil forfeiture scheme at 18 U.S.C. § 983, *et seq*. deprives this Court of jurisdiction. This argument is patently incorrect. In *Okafor v. United States*,[47] the Ninth Circuit rejected that 18 U.S.C. § 983(e)(5) is jurisdictional.[48] The Circuit, in no uncertain terms held: "Section 983(e) does not state that it is jurisdictional, nor is there any evidence in CAFRA's legislative history or otherwise on the record that it should be treated as such. Accordingly, we treat § 983(e) as a claim-processing rule."[49] The statutes governing non-judicial civil forfeiture do not divest this Court of jurisdiction.

### B.  Equitable Jurisdiction

In *United States v. Martinson*, the Ninth Circuit Court of Appeals first addressed the legal conundrum of resolving 41(g) motions outside of a pending criminal

---

[45] *United States v. Hays*, 515 U.S. 737, 742 (1995).
[46] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).
[47] The Court notes that the United States relies on this case in its sur-reply regarding equitable tolling.
[48] *Okafor v. United States*, 846 F.3d 337, 339 (stating, "The government argues that § 983(e) is jurisdictional. . . . This argument lacks merit.").
[49] *Id.* at 340; *see also Alvarez v. United States Dep't of Just.*, No. CV 15-01662 DDP-KKX, 2017 WL 4640323, at *2 (C.D. Cal. Oct. 13, 2017) (applying the precedent "Section 983(e) does not operate as a jurisdictional bar, the court denies Respondent's Rule 12(b)(1) motion to dismiss for lack of jurisdiction.").

proceeding with no property to return.[50] Mr. Martinson, a gunsmith and gun collector, was traveling to a gun show with nine 19th century rifles.[51] In the course of a routine police inquiry, Martinson was erroneously arrested on a recalled warrant in a federal firearms case where the Government had recently dismissed the Indictment.[52] During his fleeting incarceration, Martinson's rifles were seized and turned over to an Alcohol, Tobacco, and Firearms (ATF) agent.[53] Attempting to regain his property, Martinson filed a Rule 41(e)[54] motion in the federal criminal case with the previously dismissed Indictment.[55] After years of circuitous litigation, the issue came before the Ninth Circuit. At oral argument and in post-argument disclosures, the following facts were revealed: (1) the ATF had long abandoned any investigation into Martinson's firearms; (2) the ATF agreed to a suspension of an administrative forfeiture proceeding; (3) the ATF, without notice to Martinson, defense counsel, or the Assistant U.S. States Attorney, destroyed the firearms during the pendency of the appeal.[56]

With such unique facts, the panel evaluated jurisdiction and the question of mootness. Recognizing the importance of the balance of powers and equitable roles of courts, the Circuit unequivocally held:

> When a citizen has invoked the jurisdiction of a court by moving for return of his property, we do not think that the government should be able to destroy jurisdiction by its own

---

[50] 809 F.2d 1364 (9th Cir. 1987).
[51] *Martinson*, 809 F.2d at 1365.
[52] *Id.*
[53] *Id.* at 1365–66.
[54] The prior iteration of the current Rule 41(g).
[55] *Id.* at 1366.
[56] *Id.*

*United States v. Joshua* Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property Page 9
Case 3:21-cr-00037-JMK-MMS Document 220 Filed 07/17/23 Page 9 of 14

conduct. The government should not at one stroke be able to deprive the citizen of a remedy and render powerless the court that could grant the remedy.[57]

The Circuit further held that "[o]nce a court of equity has asserted jurisdiction over a motion to return property, it maintains its jurisdiction as long as necessary to provide an adequate remedy."[58]

The Court's decision to assert equitable jurisdiction for a Rule 41(g) motion is discretionary, when a criminal matter is not pending.[59] Courts "should exercise 'caution and restraint' before assuming equity jurisdiction" on Rule 41(g) matters.[60] "The spirit of Rule 41[g] is one of compromise."[61] In evaluating its discretionary assertion of jurisdiction, a court must consider whether:

> (1) "the Government displayed a callous disregard for the constitutional rights of the movant";
>
> (2) "the movant has an individual interest in and need for the property";
>
> (3) "the movant would be irreparably harmed"; and

---

[57] *Id.* at 1368.
[58] *Id.*
[59] *Kardoh v. United States,* 572 F.3d 697, 700 (9th Cir. 2009).
[60] *Id.* (quoting *United States v. Kama,* 394 F.3d 1236, 1238 (9th Cir. 2005)). The Court notes that the *Kardoh* panel casually extended a test previously and expressly used only for evaluating equitable jurisdiction for pre-indictment 41(g) movants. *See Ramsden v. United States,* 2 F.3d 322, 324–25 ("factors that must be considered before a district court can reach the merits of a preindictment Rule 41(e) motion."). The *Kardoh* posture involved a government seizure followed by a deportation proceeding. *Kardoh,* 572 F.3d at 698. The Government did not criminally prosecute Mr. Kardoh and the facts of *Kardoh* are not analogous to the case at hand. Out of an abundance of caution, the Court performs the four-factor pre-indictment *Ramsden* analysis, despite an apparent conflict with the presumed burden shift afforded to criminal defendants who no longer have pending criminal proceedings. *See Kaczynski,* 416 F.3d at 974.
[61] *Ramsden,* 2 F.3d at 327.

*United States v. Joshua*                                                          Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property                              Page 10
Case 3:21-cr-00037-JMK-MMS    Document 220    Filed 07/17/23    Page 10 of 14

(4) "the movant has an adequate remedy at law for the redress of his grievance."[62]

As pled, the Government appears to have shown callous disregard for Mr. Joshua's constitutional rights by promising to return the vehicle and unilaterally disposing of it without accounting, clarity, or transparency to either him or his counsel. Neither party contests Mr. Joshua's ownership of the vehicle, nor a need for its "return." A vehicle provides ease and access to employment, community, and services; the loss of a vehicle and the cost of replacement creates an irreparable injury. Lastly, Rule 41(g) dictates that courts "must receive evidence on any factual issue necessary." Accordingly, this Court shall sit in equity to establish the pertinent facts.

C. Sovereign Immunity Limits Rule 41(g) Remedies

In 2012, the Ninth Circuit discarded the mootness-adequate remedy jurisdiction framework created by *Martinson*. Joining eight other circuits in *Ordonez v. United States*, the Ninth Circuit held:

> No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief. Thus, even when it results in a wrong without a remedy, the federal courts are without jurisdiction to award money damages against the government under Rule 41(g) until Congress tells us otherwise.[63]

Bound by this precedent, this Court may not grant Mr. Joshua relief solely under Rule 41(g). The DEA has sold Mr. Joshua's Porsche Cayenne to a private buyer; it cannot

---

[62] *Id.* at 325.
[63] *Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012).

*United States v. Joshua*　　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property　　　　　　　　　　　　　　　　　　　Page 11
Case 3:21-cr-00037-JMK-MMS　　Document 220　　Filed 07/17/23　　Page 11 of 14

be compelled for return. Damages are Mr. Joshua's only potential remedy but are unavailable under Rule 41(g) alone.

### D. 28 U.S.C. § 1346

Looking to the ultimate resolution of *Martinson* at the district court,[64] the Court finds proper jurisdiction does exist to resolve this matter. 28 U.S.C. § 1346 (the "Little Tucker Act") vests district courts with original jurisdiction for "any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department[.]"[65] Courts have commented that the Little Tucker Act may create or supplement jurisdiction where the Government's forfeiture actions only provide relief through damages.[66] 28 U.S.C. § 1346 articulates the Government's express waiver of sovereign immunity and provides an avenue for remedy. The value of Mr. Joshua's Porsche is approximately $5,825.00.[67] At Docket 186, Mr. Joshua's counsel argues that the DEA's actions are unconstitutional.[68] Together, these facts provide support that the Little Tucker Act could apply here.

---

[64] *United States v. Martinson*, Case No. 77-00157-01, (D. Or. April 13, 1988) ("JUDGMENT: is hereby entered against the U.S. under the provisions of 28 USC 1346(a)(2) in the sum of $3,250.00 and this actions [sic] is dismissed with prejudice."). The Court thanks its local Circuit Librarian for her archival research and retrieval of the district court's docket sheet.
[65] 28 U.S.C. § 1346(a)(2).
[66] *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001); *Ordonez v. United States*, 2009 WL 10677408 *n.3 (C.D. Cal. September 9, 2009); *see generally United States v. Hall*, 2010 WL 11531405 (D. Nev. March 31, 2010).
[67] Docket 179-1 at 6.
[68] Docket 184 at 1–5.

*United States v. Joshua*  Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property  Page 12
Case 3:21-cr-00037-JMK-MMS   Document 220   Filed 07/17/23   Page 12 of 14

## V. MERITS

At present, the Court cannot reach a decision on the merits of this case. As a threshold matter, Mr. Joshua's original motion, treated like a civil complaint, must be amended for a proper remedy.

Secondly, the Court finds that both parties lack substantive evidence of their claims and defenses. While not formally argued, Mr. Joshua seems to allude that he was unaware of the commencement of the administrative forfeiture process. Alternatively, to the extent Mr. Joshua knew or understood the forfeiture process, he detrimentally relied on representations by an Assistant United States Attorney for the return of his vehicle. Congress enacted the non-judicial forfeiture scheme of 18 U.S.C. § 983, *et seq*. While the Government's jurisdictional argument fails, the forfeiture scheme may apply nevertheless. Inadequate notice may arise to a violation of Due Process and would be critical to a Takings Clause analysis;[69] however, this has not been clearly alleged or proven on the pleadings.

In support of a properly executed non-judicial civil forfeiture, the United States provides a milquetoast Declaration and accompanying set of exhibits. The Declaration asserts that the Anchorage, Alaska Field Office of the Drug Enforcement Agency prepared a forfeiture report that "[a]n attorney or paralegal reviewed" for "adequate information to support administrative forfeiture proceedings." Claiming those unspecified actions constituted "thorough review, the DEA accepted this case for

---

[69] 14 Fed. Prac. & Proc. Juris. § 3657 (4th ed.) ("Takings claims based upon the Fifth Amendment to the federal Constitution are the most important constitutional claims within the Tucker Act.").

*United States v. Joshua*                                                                                    Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property                                                         Page 13
Case 3:21-cr-00037-JMK-MMS    Document 220    Filed 07/17/23    Page 13 of 14

administrative forfeiture." Counsel for the DEA further states that the DEA provided written notice to Mr. Joshua by certified mail and "received the domestic mail receipt reflecting delivery (Exhibit 1, SI/SSF)." The DEA and the United States do not provide the receipt, but rather its own documentation in support at Docket 179-1. This is insufficient evidence to prove a constitutionally sound forfeiture.[70]

## VI. CONCLUSION

The Court finds that it has proper jurisdiction over this matter pursuant to Rule 41(g) of Federal Civil Procedure and 28 U.S.C. § 1346. Because the proper remedy is not pled, the Motion for Return of Property at Docket 164 is **DENIED WITHOUT PREJUDICE**. The Court grants leave to amend. Mr. Joshua may re-file a motion under Rule 41(g) and 28 U.S.C. § 1346 in this criminal case requesting proper relief within 30 days of this Order. If Mr. Joshua elects not to pursue damages against the United States, a notice to that effect and motion to withdraw will be permitted.

IT IS SO ORDERED this 17th day of July, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[70] See *Ritchie*, 342 F.2d at 911; *Dusenbury v. United States*, 534 U.S. 161, 168–71 (2002); *Collette v. Drug Enf't Admin.*, 386 F. Supp. 2d 1120, 1133–34 (D. Alaska 2005), *aff'd in part, rev'd in part and remanded sub nom. Collette v. United States*, 247 F. App'x 87 (9th Cir. 2007).

*United States v. Joshua*  Case No. 3:21-cr-00037-02-JMK
Order Denying Motion for Return of Property  Page 14
Case 3:21-cr-00037-JMK-MMS   Document 220   Filed 07/17/23   Page 14 of 14